IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 22-10001-JWB

JALEN CLINTON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for a sentence reduction. (Doc. 17.) The motion is ripe for decision.[1] (Doc. 19.) The motion is DENIED for the reasons stated herein.

**I.    Facts and Procedural History**

On June 1, 2022, Defendant pleaded guilty to count I of an information charging him with a violation of 18 U.S.C. § 1952(a)(3). (Doc. 12.) A presentence report ("PSR") was prepared by the probation office. (Doc. 13.) According to the PSR, Defendant was assessed a subtotal criminal history score of 11 as a result of his prior criminal convictions. (*Id.* ¶ 43.) Two points were added because Defendant committed the offense while under a criminal justice sentence which resulted in his total criminal history score being 13 and a criminal history category of VI. (*Id.* ¶ 44–45. Based on a total offense level of 27 and a criminal history category of VI, the calculated guideline imprisonment range was 130 to 162 months. (*Id.* ¶ 93.) However, because the statutory maximum sentence was less than the calculated guideline range, the guideline term of imprisonment became the statutory maximum sentence of 60 months. (*Id.* ¶ 93) (citing U.S.S.G. § 5G1.1(a)). On August

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

17, 2022, the court adopted the PSR and Defendant was sentenced to 60 months imprisonment. (Docs. 15, 16.)

Defendant did not file an appeal.  Defendant has filed a motion to reduce his sentence in accordance with the amended guidelines.  The government objects on the basis that the amended guidelines do not impact Defendant's sentence.

**II.     Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Part A of Amendment 821 limits the criminal history impact of "status points."  *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2024).

Defendant argues that his status points for committing the offense while under a criminal justice sentence would be reduced as a result of the amendment.  Defendant is correct.  Instead of increasing his criminal history score by two points, it would only be increased by one point under the amendment.  *See* U.S.S.G. § 4A1.1(e).  This would result in Defendant's total criminal history score being 12 and his criminal history category V.  His total offense level would remain the same.[2] This results in an amended calculated guideline range of 120-150 months.  The amendment,

---

[2] Defendant asserts that his offense level is 18.  (Doc. 17 at 2.) Defendant provides no basis for this offense level which is in clear contradiction of the PSR.

however, provides no relief to Defendant because the statutory maximum sentence remains at 60 months. *See* U.S.S.G. § 5G1.1(a).

### III. Conclusion

Defendant's motion for a sentence reduction (Doc. 17) is DENIED.

IT IS SO ORDERED. Dated this 21st day of March, 2024.

                                                                                                              s/ John W. Broomes  
                                                                                                              JOHN W. BROOMES  
                                                                                                              UNITED STATES DISTRICT JUDGE